# United States Court of Appeals for the Tenth Circuit
## OFFICE OF THE CLERK
Byron White United States Courthouse
1823 Stout Street
Denver, Colorado 80257
(303)844-3157

**Elisabeth A. Shumaker**
Clerk of Court

**Douglas E. Cressler**
Chief Deputy Clerk

November 22, 2006

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

NOV 27 2006

GREGORY C. LANGHAM
CLERK

Mr. Bobby Hicks
CSP-F-8-26
#91872
P.O. Box 777
Canon City, CO 81215-0777

Mr. John W. Suthers
Attorney General
State of Colorado
Department of Law
1525 Sherman Street, 5th Floor
Denver, CO 80203

    Re:    06-1445, Hicks v. Warden J. Reid
            Dist/Ag docket:  05-CV-01851-OES

Dear Counsel and Petitioner:

    Enclosed is a copy of an order entered today in this case.

    Please contact this office if you have questions.

Sincerely,

Elisabeth A. Shumaker
Clerk, Court of Appeals

By:
    Deputy Clerk

clk:klp

cc:
    Gregory C. Langham, Clerk

# UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

BOBBY HICKS,

    Movant,

v.

WARDEN J. REID; COLORADO ATTORNEY GENERAL,

    Respondents.

No. 06-1445
(D.C. No. 05-CV-1851-OES)
(D. Colo.)

A true copy
Teste
Elisabeth A. Shumaker
Clerk, U.S. Court of
Appeals, Tenth Circuit
By
Deputy Clerk

ORDER
Filed November 22, 2006

Before **HENRY**, **MURPHY**, and **HARTZ**, Circuit Judges.

Bobby Hicks has filed a Motion for Leave to File a Second or Successive Habeas Corpus Petition under 28 U.S.C. § 2244(b) by a Prisoner in State Custody. We dismiss the motion as unnecessary.

In 1996, Mr. Hicks was convicted of first-degree felony murder in Colorado state court and sentenced to life imprisonment. He did not appeal. He unsuccessfully sought state post-conviction relief in the state district court. On March 18, 2005, Mr. Hicks filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 in federal district court challenging his felony-murder conviction and alleging that (1) his sentence is illegal and his plea should be

vacated to allow a jury to find the elements of felony murder; (2) he was not properly advised of the elements of felony murder, thereby making his plea unknowing and involuntary; and (3) his trial counsel was ineffective because counsel improperly advised him to plead guilty despite knowing he was innocent and because counsel failed to share information with him. The district court dismissed the petition without prejudice for failure to exhaust state remedies. *See Hicks v. Reid*, No. 05-ES-521 (D. Colo. May 10, 2005). Mr. Hicks did not appeal. He did, however, file for relief under Fed. R. Civ. P. 60(b), which the district court denied.

On October 4, 2005, Mr. Hicks filed a second petition for a writ of habeas corpus in federal district court. That court transferred the petition to this court because Mr. Hicks had not obtained an order from this court authorizing him to file a second or successive petition. *See Coleman v. United States*, 106 F.3d 339, 341 (10th Cir. 1997) (per curiam) (directing district court to transfer unauthorized second or successive § 2254 motion to this court in interest of justice pursuant to 28 U.S.C. § 1631).[1] On November 8, 2006, Mr. Hicks filed in this court his motion for leave to file a second or successive habeas petition arguing that (1) his counsel was ineffective for failing to inform him of his constitutional right to

---

[1] The district court's transfer order was filed on November 2, 2005, and the district court's docket sheet confirms that date. For an unknown reason, the order was not sent to this court until October 11, 2006.

have a jury find the elements of felony murder and counsel told him to plead guilty even though he was mentally impaired; (2) his guilty plea was not knowing and voluntary because counsel never advised him of the elements of felony murder; and (3) his sentence and plea are illegal because he was mentally impaired at the time of the plea and incapable of making a decision to plead guilty.

We conclude that the district court improperly transferred this case to this court and that it was unnecessary for Mr. Hicks to file a motion for leave to file a second or successive habeas petition. The district court dismissed Mr. Hicks' first habeas petition without prejudice for failure to exhaust administrative remedies. "[A] habeas petition filed after a prior petition is dismissed without prejudice for failure to exhaust state remedies does not qualify as a 'second or successive' application within the meaning of § 2244(b)(1). Rather, it is simply a continuation of the earlier petition." *McWilliams v. Colorado*, 121 F.3d 573, 575 (10th Cir. 1997) (citations omitted). Mr. Hicks' second habeas petition therefore was not a second or successive petition.

Accordingly we DISMISS as unnecessary Mr. Hicks' motion for leave to file a second or successive habeas petition. We TRANSFER this matter back to the district court.

Entered for the Court
ELISABETH A. SHUMAKER, Clerk

By: _____
Deputy Clerk